JOSEPH E. PAINE, RESPONDENT, v. EDWARD D. McCAR-
THY, APPELLANT.

*Service of summons without complaint — judgment on failure to appear.*

On the seventeenth of June, a summons, without a copy of the complaint, was served on the defendant, and on the nineteenth, a copy of the complaint was left at his office; the defendant having served no notice of appearance or put in an answer, the plaintiff, on the eighth of July, entered judgment. *Held*, that the judgment was regular.

APPEAL from an order made at Special Term, denying a motion made by defendant to set aside the judgment entered in the

* 1 Barb. S. C. R., 220.

action, but allowing him, on certain conditions, to come in and defend.

*Edward D. McCarthy*, in person, for the appellant.

*James E. Bedell*, for the respondent.

DONOHUE, J.:

In this case, on the seventeenth day of June, the defendant was served with a summons, neither accompanied by, nor required to be accompanied by a complaint.

The defendant having served no appearance or answer before the eighth of July, the plaintiff entered judgment.

The defendant now claims that this judgment should be set aside as irregular, on the ground that the plaintiff served a complaint at defendant's office on the nineteenth of June, and the defendant's time to appear and answer did not expire until the ninth of July, on which day he served an answer.

The judge below denied defendant's motion, but gave him liberty, on certain conditions, to come in and defend. We think the order correct. Section 130 expressly shows that, to entitle the defendant to a copy of the complaint, he should appear within the twenty days after service of the summons, and that the complaint need not accompany the summons.

This construction has been given by the court.* We think the defendant has no cause of complaint against the order, as, in strictness, the plaintiff was correct, and defendant's motion might have been denied.

The order should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.

Order affirmed, with costs.

* Van Pelt v. Boyer, 7 Howard, 325.